IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FOLANDA SHANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-030 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Folanda Shank appeals the decision of the Acting Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.   BACKGROUND**

Plaintiff applied for DIB on October 19, 2011, and for SSI on March 1, 2012, alleging a

---

[1] The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant in this case.

disability onset date for both applications of May 17, 2011. Tr. ("R."), pp. 123-24, 187-95. Plaintiff was thirty-nine years old at her alleged disability onset date and was forty-three years old when the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 28, 187, 194. Plaintiff applied for disability benefits based on a combination of alleged impairments, including lupus, congestive heart failure, sleep apnea, high blood pressure, edema (swelling) in the legs and feet, and depression. R. 81, 234.

Plaintiff completed high school, and prior to her alleged disability, Plaintiff accrued a relevant work history that included gas station clerk, cook, and housekeeper. R. 224, 235, 250. Although Plaintiff stated in her disability application she quit working on her alleged disability date "[b]ecause of my condition(s)," at the administrative hearing, she testified she quit working because of a high-risk pregnancy. R. 49-51, 234. Plaintiff also applied for and received unemployment benefits after her alleged onset date, an act which required Plaintiff to certify she was actively seeking employment, and continued to receive $400 per month in unemployment benefits into 2012, including at the time she applied for disability benefits. R. 51, 188.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 81-124. Plaintiff then requested a hearing before an ALJ, R. 148-49, and the ALJ held a hearing on June 4, 2014. R. 35-80. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Robert Brabham, Jr., a Vocational Expert. Id. The ALJ issued an unfavorable decision on July 30, 2014. R. 16-33.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 17, 2011, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: lumbago, history of congestive heart failure; asthma; peripheral edema; and obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; no standing or walking over an aggregate of 2 hours in an 8 hour workday; sitting approximately 6 hours in an 8 hour workday; no more than occasional stooping, crouching, balancing, kneeling, or climbing of stairs or ramps; no crawling or climbing of ladders, ropes, or scaffolds; no required exposure to hazard such as unprotected eights and dangerous machinery; no concentrated exposure to dust, fumes, gases, or odors; and elevate feet with stool about 6 inches above the floor while seated.[2] Thus, the claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1569, 404.1569, 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)), including machine tender and assembler. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from May 17, 2011, the alleged onset date, through the date of the ALJ's decision, July 30, 2014 (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 21-28.

When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g).

---

[2]"Sedentary work" is defined as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) & 416.967(a).

Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly evaluate the opinions of an examining psychologist and a treating nurse practioner. See doc. no. 12 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 13 ("Comm'r's Br.").

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the

4

Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff argues the ALJ erred because he did not discuss, let alone assign weight to, the opinion of examining psychologist John C. Whitley, III, Ph.D. Pl.'s Br., pp. 10-15. The Commissioner concedes "the ALJ did not directly mention Dr. Whitley's opinion in the decision or assign it a particular weight," but nonetheless argues no reversible error was committed "based on the particular facts of this case." Comm'r's Br., pp. 8-9.

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R §§ 404.1527(c), 416.927(c)).  As a general rule, the opinion of a one-time examiner is not entitled to great weight.  Stone v. Comm'r of Soc. Sec., 544 F. App'x 839, 842 (11th Cir. 2013); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160-61 (11th Cir. 2004).  The law is clear, "The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician."  Stone, 544 F. App'x at 842 (citing McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987)).  However, as part of the duty to develop a full and fair record, the ALJ must "make clear the weight accorded to the various testimony considered."  Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  In the absence of a statement from the ALJ concerning the weight given to different medical opinions and the reasons for assigning such weight, the reviewing court will be unable to determine whether the decision is supported by substantial evidence.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

Dr. Whitley conducted his consultative examination on August 21, 2012.  R. 334.  He reported Plaintiff's chief medical complaints as fatigue from congestive heart failure, lupus, pain in her back, legs and joints, swelling in her legs, high blood pressure, and sleep apnea.  R. 335.  Dr. Whitely also identified Plaintiff's psychological complaints as feeling depressed "a lot," and being tired and lethargic secondary to her health issues.  Id.  Plaintiff presented to the examination with depression but no overt anxiety.  R. 336.  Dr. Whitley determined Plaintiff's concentration and memory were "grossly intact."  R. 337.

Dr. Whitley diagnosed Plaintiff on Axis I as Pain Disorder due to a General Medical Condition.  Adjustment Disorder With Depressed Mood."  Id.  Dr. Whitley also stated, "[Plaintiff's] ability to sustain effort, focus, and pace for timely completion of task would be

6

compromised by her health issues and secondary depression. . . . Her ability to interact with coworkers and public would also be mildly impacted by mental health issues." R. 337-38. As the Commissioner concedes, neither Dr. Whitley's name, nor any of his findings made their way into the ALJ's administrative opinion.

No matter, argues the Commissioner, because Dr. Whitley did not impose any "specific" limitation on Plaintiff's ability to work, and his statement that Plaintiff's concentration was "grossly intact" is suggestive of Plaintiff's ability to sustain effort, focus, and pace such that a work-related limitation was not required in the RFC. Comm'r's Br., p. 9. Thus, because the Commissioner's interpretation of Dr. Whitley's opinion is not inconsistent with the ALJ's RFC that did not, as set forth above, include any mental functional limitations, the Commissioner contends the ALJ committed harmless error.

The cases cited by the Commissioner in support of her position are inapposite. For example, in Sarria v. Comm'r of Soc. Sec., 579 F. App'x 722, 724 (11th Cir. 2014), the Eleventh Circuit did conclude the ALJ's failure to state the weight given to a consultant's opinion was harmless error. However, the RFC in that case did include some mental functional limitations that were substantiated by the opinions of other doctors in the record. Id. at 723-25. Here, the RFC contains no mental functional limitations, and the supposed consistency of Dr. Whitley's findings with the RFC are based on the Commissioner's interpretation of what Dr. Whitley's findings "suggest."

A second case cited for the proposition that remanding this "harmless error" case would be wasteful omits the crucial continuation of the quotation cited by the Commissioner. In Sanchez v. Comm'r of Soc. Sec., 507 F. App'x 855, 856 (11th Cir. 2013), the Eleventh Circuit reiterated its past practice of declining to remand a case for express findings when to do so

"would be a 'wasteful corrective exercise'" in light of other record evidence and a determination no additional findings could be made to change the ALJ's decision.  However, the continuation of the ruling, omitted from the Commissioner's quotation, is of particular relevance here:

> On the other hand, the ALJ's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.  When the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.

Id. (internal citations and quotations omitted).

The Commissioner contends the administrative opinion did not rely on another physician's opinion that conflicted with Dr. Whitley's opinion and points to the opinion of state agency consultant Joseph Garmon, Ph.D., as an opinion discussed by the ALJ and consistent with that of Dr. Whitley.  Comm'r's Br., p. 10.  The Commissioner observes Dr. Garmon noted only a mild limitation in concentration, persistence, or pace after having reviewed Dr. Whitley's opinion.  Id. (citing R. 26, 86).  The argument falters because when the ALJ discussed Dr. Garmon's opinion, he specifically stated it was "not based on the whole record and *cannot be afforded significant weight* in the determination of the claimant's residual functional capacity."  R. 26 (emphasis added).

The Commissioner's position is further undermined because the ALJ did not specifically discuss *any* other medical records related to Plaintiff's depression, one of the conditions specifically identified as a basis for her disability claims.  R. 81, 234.  However, the record contains an assessment of depression by another consultative examiner, Lamar Peacock, M.D., as well as a notation that Plaintiff's ongoing reported depressive symptoms

8

indicate her depression "is not well controlled."[3]  R. 327.  There are also treatment records from Serenity Behavioral Health System containing an Axis I diagnosis in 2013 and 2014 of "Major Depressive Disorder, Recurrent, Moderate," and prescriptions for the same.  See, e.g., R. 387, 399.  Likewise, treatment notes from Community Medical Associates detail complaints from Plaintiff concerning "her nerves" and a prescription for Prozac.  See, e.g., R. 416, 425.  Although diagnosis of an impairment alone does not equate to disability, Moore, 405 F.3d at 1213 n.6, in light of other information in the record concerning Plaintiff's alleged mental impairment, the failure to discuss Dr. Whitley's evaluation is particularly troubling.

Finally, Plaintiff's brief cites a prior case out of the Southern District where the Court "observed that it is difficult to determine if the ALJ properly applied legal standards if the ALJ does not state with particularity the weight he gave to relevant medical opinions."  Pl.'s Br., p. 13 (citing Jackson v. Astrue, No. CV 107-020, 2008 WL 596769, at *6 (S.D. Ga. Mar. 4, 2008) (Bowen, J.)).  The Commissioner does not address, let alone distinguish, the rationale of Jackson.  Then, as now, the analysis holds true that this Court cannot determine whether the administrative decision is supported by substantial evidence if the ALJ does not state with sufficient particularity the weight given to medical opinions such that the Court can engage in meaningful judicial review.  Id. (citing Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985)).

The Commissioner's explanation of why the record supports the ALJ's conclusions about Plaintiff's ability to perform sedentary work without any restrictions related to mental functioning cannot excuse the ALJ's failure to discuss Dr. Whitley's opinion.  The Court

---

[3] The ALJ gave "significant weight" to Dr. Peacock's consultative examination, although it is not clear he considered the evaluation for purposes other than Plaintiff's physical abilities. R. 24.

cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

In sum, the ALJ did not mention, let alone assign weight to, the opinion of Dr. Whitley, including his assessment that Plaintiff's effort, focus, and pace would be compromised by her health issues and secondary depression. Nor did the ALJ address Dr. Whitley's conclusion that Plaintiff's mental health issues might impact her ability to interact with coworkers and the public. The ALJ's RFC did not include *any* mental functional limitations. The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted.

The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 22nd day of March, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA